**LAW OFFICES OF NOLAN KLEIN, P.A.**                    ATTORNEYS & COUNSELORS

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                         Nolan Klein, Esq.
                                                        klein@nklegal.com

April 26, 2024

**VIA ECF**
Honorable Judge Analisa Torres
Southern District of New York
500 Pearl St.
New York, NY 10007

        Re:    **_Bravo Saavedra vs Salvatore's NY Pizza, Inc., et. al._**
              SDNY Case No.: 1:23-cv-08826

Dear Judge Torres:

    Plaintiff, Martin Jose Bravo Saavedra ("Plaintiff") respectfully request that Your Honor approve the settlement reached in this matter, pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). A copy of the executed settlement agreement (the "Agreement") is annexed herein as Exhibit A.

## Settlement Amount

    The Agreement resolves all claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by payment to Plaintiff in the amount of $20,600.00. This settlement was reached as a result of arm's length negotiation between counsel for Plaintiff and the Defendants (with Defendants' accountant acting as their agent to facilitate the negotiations). For the reasons outlined below, the Court should approve this $20,600.00 settlement as a fair and reasonable compromise of the claims against Defendants in this case.

## Factual Background

    On October 6, 2023, Plaintiff, Martin Jose Bravo Saavedra, commenced this action, alleging that Defendants failed to pay all due overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide written notices required by the Wage Theft Prevention Act ("WTPA"). *D.E. 1*. Plaintiff alleges that he was employed as a pizza chef and general worker at the Defendant pizza restaurant, located at 119 E. 183rd St. in New York City. Plaintiff alleges that he worked from September 29, 2021, through September 26, 2023, or a period of about 104 weeks. Plaintiff alleges that he worked Monday through Friday from 10 am to 10 pm, or about 60 hours per week. Plaintiff alleges that he was paid $900.00 per week, or $15.00 per hour for 60 hours of work. Plaintiff alleges that he was not paid an overtime premium for hours worked over 40 hours per week. As such, for purposes

Honorable Judge Analisa Torres
April 26, 2024
Page 2

of his FLSA claim, Plaintiff alleges that he is owed an overtime premium of $7.50 per hour for 20 overtime hours per week ($150.00 per week) for the entire 104 week of work, or $15,600.00.[1]

Shortly after the case was filed, Defendants' accountant, acting as their agent, contacted Plaintiff's counsel and expressed an interest in negotiating an amicable resolution. After protracted negotiation, the parties reached agreement, which was finalized in February 2024.[2] On February 20, 2024, I wrote to the Court, advising that dismissal without prejudice was acceptable to Plaintiff because the parties had reached agreement on settlement terms, but that we could file a *Cheeks* motion if required. This Court indicated that a Cheeks motion was required for any Rule 41 dismissal and gave Plaintiff until today, April 26, 2024, to file it. This motion follows.

### **Fairness of the Settlement Agreement**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In evaluating the fairness of the agreement, the District Court may utilize the factors set forth by *Wolinsky,* 900 F. Supp. 2d 332, 335. Those factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

It is respectfully submitted that all *Wolinsky* factors require approval of the settlement agreement. As to the first factor, Plaintiff proposed gross ultimate recovery of $20,600.00 represents *more than all* of his alleged damages under the FLSA, and just under 2/3 of his alleged damages even including his New York claims (which do not require *Cheeks* approval). *See Chowdhury v. Brioni America, Inc*., 2017 WL 5953171 at *2 (S.D.N.Y. 2017)(net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp*., 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery). Even absent any litigation risks in this case, this clearly represents a fair and reasonable settlement. As to the second factor, this agreement resolves a *bona fide* dispute over genuinely contested issues, namely

---

[1] Plaintiff's New York Labor Law claims, which do not require a *Cheeks* review, are that he is owed "spread of hours" pay for each day in which he worked 10 hours or more. This would be $75.00 per week, for 104 weeks, or $7,800.00. As well as statutory damages of $10,000.00 for failure to provide required statements and notices pursuant to the Wage Theft Protection Act.

[2] Defendants' accountant provided the name of the person who should have appropriately been named as the individual defendant in this case, and that individual executed the settlement agreement.

the lawsuit that Plaintiff brought to recover his unpaid overtime. Plaintiff and Defendants believe that is in their best interests to resolve on the current terms rather than to be subject to protracted and expensive additional litigation, including the burdens and risks thereof.

Next, as to the third factor, the parties face serious litigation risks as to both liability and damages. Plaintiff risks protracted litigation, and Defendants risk paying more than was agreed herein in the form of untold additional legal fees to their own counsel, and if Plaintiff prevails, additional fees to Plaintiff's counsel as well. As to the fourth factor and fifth factor, the arm's length nature of the negotiations – in which Plaintiff was represented by counsel and Defendants acted through a financial professional as their agent – all weigh heavily in favor of *Cheeks* approval. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ("[T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"); *Hernandez v. C-Penn Foods Inc.*, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

## Attorney's Fees and Costs

As to amount, Plaintiff's Attorney's fees in FLSA matters may be calculated as either (a) a percentage of recovery or (b) as the product of a reasonable hourly rate and the reasonable number of hours expended (the loadstar method). *Flores v. Food Express Rego Park, Inc.*, 2016 U.S. Dist. LEXIS 11351 at *6-7 (E.D.N.Y. 2016) *citing McDaniel v. City of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). As to the percentage of recovery method, "[i]n this Circuit, courts typically approve attorney's fees that range between 30 and 33[percent]." *Thornhill v. CVS Pharm., Inc.*, 2014 U.S. Dist. LEXIS 37007, *3 (S.D.N.Y. 2014); *Briggs v. DPV Transp., Inc.*, 2021 U.S. Dist. LEXIS 245830, *5 (S.D.N.Y. 2021)("Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. 2013)(same). Here, Plaintiff's counsel seeks 1/3 of the total recovered as contingency legal fees in this case, or $6,866.66 plus costs of $402.00 (the filing fee). Because a 1/3 contingency fee is "commonly approved" in this Circuit, and particularly because the loadstar "cross-check" reveals hourly legal fees roughly the same as the contingency amount (see loadstar attached as Exhibit "B"), Plaintiff respectfully requests that the contingency fee in this case also be approved as fair and reasonable in this case.

Honorable Judge Analisa Torres
April 26, 2024
Page 4

## **Conclusion**

      For the foregoing reasons, Plaintiff respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. 2011).

      Respectfully submitted,

      */s/ Nolan K. Klein*
      Nolan K. Klein, Esq.