```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MARTIN JOSE BRAVO SAAVEDRA,

                            Plaintiff,

            -against-

SALVATORE'S NY PIZZA, INC., *a New York
Corporation*, and ABEL GONZALEZ, *an
individual*,

                            Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/07/2024
```

23 Civ. 8826 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Martin Jose Bravo Saavedra, brings this action against Defendants, Salvatore's NY Pizza, Inc., and Abel Gonzalez, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL") § 190 *et seq.*, for failure to pay overtime wages, and for spread-of-hours and recordkeeping violations. *See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 13-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 13. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I. <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of*

*Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Settlement provides Plaintiff with a recovery of $20,600, inclusive of attorney's fees and costs. Letter at 1; Settlement ¶ 1. As to Plaintiff's range of recovery, Plaintiff claims that his maximum possible recovery on his claims is $33,400. Letter at 2 & n.1. In light of the protracted litigation in which the parties would have to otherwise engage, the approximately sixty-seven percent recovery offered by the Settlement is reasonable. *See Paganas v. Total Maint. Sol., LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *2 (E.D.N.Y. Feb. 14, 2019) (collecting cases). Although the parties are not specific as to the "genuinely contested issues" that they would have to litigate in the future, Letter at 2, this does not bar approval of the settlement, when the parties explain that they seek to avoid accruing additional attorney's fees and—for Plaintiff—delaying receipt of payment. Moreover, the parties state that they engaged in arm's length negotiations over six months, as "Plaintiff was represented by counsel and Defendants acted through a financial professional as their agent." Letter at 2–3. Accordingly, the Settlement is fair and reasonable pursuant to the *Wolinsky* factors.

Moreover, the liability release clause in the Settlement is not overbroad: it binds only Plaintiff and releases "Defendants and all named parties from any and all claims alleged by Plaintiff in the Complaint in this case." Settlement ¶ 3; *see Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (rejecting a liability release clause that released claims "against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]").

Turning to attorney's fees, the Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (internal quotation marks

3

and citation omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). Plaintiff's counsel seeks fees amounting to $6,866, a fee equal to one-third of the Settlement amount. Letter at 4.

As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, Nolan Klein, submitted contemporaneous time records that document his firm's work on this matter. Letter at 3–4; *see* ECF No. 13-2. Klein submitted time records demonstrating that he worked 15.2 billable hours at a rate of $450, *see* ECF No. 13-2, and an unnamed person with the initials "MD" worked 2.27 billable hours at a rate of $195, *id*. "Courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *3 (S.D.N.Y. Dec. 9, 2021) (cleaned up). The work appears to be that of a paralegal, and "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672, 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (cleaned up). Because Plaintiff's counsel has provided no information about the paralegal, this Court cannot determine whether any unique skills weigh in favor of deviating from the norms. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015) (remarking that courts "are in no position to determine whether, and to what degree, the unique skills or experience of an attorney or paralegal weigh[] in favor of deviating from

the norms governing reasonable rates"). The Court, therefore, will reduce the paralegal's rate to $125 per hour in conducting the lodestar calculation.

Except for the work apparently performed by a paralegal, Plaintiff's counsel's billing records appear reasonable. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is $7,123.75 in attorney's fees. The requested award in the FLSA Settlement is $6,866—a "negative" multiplier of 0.96. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with the contingent fees in FLSA cases." *Diaz-Caballero*, 2020 WL 8880944, at *3 (internal quotation marks and citation omitted). The Court, therefore, accepts the lodestar multiplier, particularly given that the attorney's fees amount to approximately one-third of the settlement award. Accordingly, the attorney's fee request is fair and reasonable.

Plaintiff also requests costs amounting to $402. ECF No. 13-2. The Court finds the costs, which include the filing fee and are supported by documentation, *id.* at 3, to be reasonable. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020) (noting that "court reporting and service of process fees, filing fees, hotels and transportation" are expenses that are "reasonable, incidental, and necessary to the representation").

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: May 7, 2024
       New York, New York

ANALISA TORRES
United States District Judge